

FILED

DEC 17 2019

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM N. BEATY,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 19-186-M-DLC-KLD<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on state pro se petitioner William N. Beaty's application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Beaty was directed to file an Amended Petition; he timely complied. (Docs. 3 & 5.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires summary dismissal of federal habeas petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons set forth herein, Beaty's petition should be dismissed with prejudice because his claims are not cognizable in federal habeas.

1

## I. Procedural History

Following entry of guilty pleas in Montana's Fourth Judicial District, Missoula County, Beaty was convicted of felony Assault of a Peace or Judicial Officer and misdemeanor Assault. The district court sentenced Beaty to the Montana Department of Corrections (DOC) for five years, with all of the time suspended. On January 7, 2017, the district court revoked Beaty's suspended sentence and imposed a five-year DOC commitment. Beaty filed a writ of habeas corpus with the Montana Supreme Court alleging he was entitled to additional credit toward his sentence. See e.g., *Beaty v. Guyer*, OP-19-0531, Or. (Mont. Oct. 1, 2019).[1]

In denying Beaty's petition, the Montana Supreme Court determined Beaty was not entitled to release or to any more credit for time served against his sentence:

> In 2014, the District Court awarded Beaty 313 days of credit for time served. Three years later, the District Court awarded 353 days of credit for time served toward his 2017 sentence upon revocation. Beaty has not provided any arguments with substantive facts to contradict the court's awards here. Beaty is not entitled to good time or time while on probation. Good time credit applies to sentences imposed before 1995. Section 53-30-105, MCA (1995) (Repealed 1997, 1995 Mont. Laws, ch. 372, secs. 12(2), 13). The court noted his mental health history and his recent violation while on probation in denying any street time. Section 46-18-203(7)(b), MCA. Beaty has received all the credit he is due, and his sentence does not need to be reduced.

---

[1] All state court briefing and orders available at: https://appecm.mt.gov/ (accessed December 11, 2019).

*Id.* at 2-3.

Beaty also sought an out-of-time appeal with the Montana Supreme Court alleging that he received "a really bad deal." See, *State v. Beaty*, DA 19-0532, Or. (Mont. Oct. 1, 2019). The Court found Beaty failed to demonstrate extraordinary circumstances that would warrant relief. Specifically, the Court noted Beaty did not receive a "bad deal" when he was originally sentenced in 2014. Under the statute at issue, Beaty could have received a 10-year sentence for the felony assault. *Id.* at 2. The Montana Supreme Court denied Beaty's request for an out-of-time appeal. *Id.*

## II. Beaty's Claims

In his Amended Petition, Beaty asserts that because he "really tried hard on probation," he should be entitled to credit against his 2017 sentence for the time he spent on probation. (Doc. 5 at 3, ¶ 15(A)). Additionally, Beaty claims on the day of the assault: he was intoxicated and homeless, he did not intend to assault the officer, and he does not remember most of the events leading up to his arrest. *Id.* at 4, ¶ 15(B). Finally, Beaty believes he had poor representation and should have received a better plea deal. *Id.* at 5, ¶ 15(C)(1). Beaty advises, "I'm not saying I was innocent, I'm just saying I don't believe I deserved five years." *Id.*

Beaty asks this Court to order his release from prison, credit his sentence for the time he is due, or, alternatively, order his transfer to the Montana State Hospital

in Warm Springs. *Id*. at 7, ¶ 18.

### III. Analysis

Federal habeas relief is only available for prisoners who are being held in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991). Absent an independent federal constitutional violation, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.*; *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995)(violation of a "state law right does not warrant habeas corpus relief").

Generally, a challenge to a state court's application of state sentencing laws does not create a federal question cognizable on federal habeas. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Hubbart v. Knapp*, 379 F. 3d 773, 779-80 (9th Cir. 2004)(federal habeas corpus relief is generally unavailable for alleged error in the interpretation or application of state law); *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994) (petitioner not entitled to federal habeas relief on claim that state court improperly used a prior offense to enhance state sentence); see also, *Cacoperdo v. Demosthenes*, 37 F. 3d 504, 506 (9th Cir. 1994)(petitioner's claim that the state court erred in imposing consecutive sentences was not cognizable in federal habeas). Accordingly, Beaty's claim that he should be entitled to a more lenient sentence or credit for his street time does not warrant habeas relief.

The district court's imposition of a five-year sentence constituted a valid sentence under state law. See, MCA § 45-5-210(2)(a). Likewise, the district court had the sole discretion to either grant or deny Beaty credit for the "elapsed time" he spent on probation. See, MCA § 46-18-203(7)(b). While Beaty advances a disagreement with the district court's application of state sentencing laws, he does not assert any violation of the federal constitution. The district court's sentencing determination, in relation to both the original sentence and the sentence imposed upon revocation, was purely a matter of state law for which federal habeas relief is not available. *Christian*, 41 F. 3d at 469.

To the extent that Beaty claims he was intoxicated and does not recall the events leading up to the assault at issue, he fails to raise a cognizable habeas claim. Beaty does not allege that he is in custody in violation of the Constitution or laws or treaties of the United States. See, 28 U.S.C. § 2254(a). Accordingly, this claim should also be summarily dismissed.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Beaty's petition should be dismissed because it cannot be said that reasonable jurists would find a basis encourage further proceedings. Likewise, reasonable jurists would not find this Court's determination regarding Beaty's failure to present cognizable claims to be debatable. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Beaty's Amended Petition (Doc. 5) should be DISMISSED with prejudice; his claims are not cognizable in federal habeas.

2. The Clerk of Court should be directed, by separate document, to enter judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Beaty may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo

6

determination by the district judge and/or waive the right to appeal.

<u>Mr. Beaty must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 17th day of December, 2019.

Kathleen L. DeSoto
United States Magistrate Judge