```
                                                             FILED
     IN THE UNITED STATES DISTRICT COURT                     JAN 30 2020
           FOR THE DISTRICT OF MONTANA                       Clerk, U.S Courts
                 MISSOULA DIVISION                           District Of Montana
                                                             Missoula Division
```

| | |
|---|---|
| WILLIAM N. BEATY, | CV 19–186–M–DLC–KLD |
| Petitioner, | |
| vs. | ORDER |
| LYNN GUYER, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On December 17, 2019 United States Magistrate Judge Kathleen L. DeSoto entered her Findings and Recommendation recommending that Montana State Prisoner William N. Beaty's pro se petition for habeas corpus under 28 U.S.C. § 2254 be dismissed with prejudice because Beaty's claims are not cognizable in federal habeas law. (Doc. 7.) Beaty timely objects and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

1

## DISCUSSION

In her Findings and Recommendation, Judge DeSoto recommended dismissing Beaty's petition on the grounds that he did not present a cognizable federal habeas claim. (Doc. 7.) Judge DeSoto further recommended that a certificate of appealability be denied on the basis that Beaty has not made a "substantial showing of the denial of a constitutional right." (Doc. 7 (citing 28 U.S.C. § 2253(c)(2)).) By way of objection, Beaty filed a handwritten letter addressed to Judge DeSoto on December 31, 2019. (Doc. 8.) The Court has diligently reviewed the letter and done its best to discern Beaty's objections. Beaty is disappointed by Judge DeSoto's recommendation and believes he is entitled to "some form of relief." (Doc. 8.) Further, the letter states that "[Beaty] would like to file an appeal on [his] amended habeas corpus." (Doc. 8.) The Court construes Beaty's letter as an objection to the Findings and Recommendation, and it reviews de novo.

Turning to the merits of Beaty's claim, the Court concludes that Beaty has failed to present a cognizable federal habeas claim. Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts requires summary dismissal of a federal habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal habeas relief is only available for prisoners who are being held in violation of the

Constitution or laws of the United States. 28 U.S.C. § 2254. Absent an independent violation of federal law, "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995).

Judge DeSoto correctly determined that Beaty's Amended Petition did not assert a violation of the federal Constitution or laws of the United States. (Doc. 7 at 4–5.) Rather, the Amended Petition essentially challenged the state court's application of state sentencing laws. (Doc. 5 at 3–5.) Challenging a state court's application of state sentencing laws does not create a cognizable federal habeas claim. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Hubbart v. Knapp*, 379 F. 3d 773, 779–80 (9th Cir. 2004); *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994).

In his letter, Beaty still fails to raise a cognizable federal habeas claim because he does not allege that he is in custody in violation of the Constitution or laws of the United States. Rather, Beaty objects to the Findings and Recommendation on the basis that he was in "foster group homes and residential treatment centers for most of [his] childhood." (Doc. 8.) Unfortunately, the Court is not able to discern any factual or legal challenge directed towards Judge DeSoto's determination that Beaty has failed to raise a cognizable claim in federal habeas law. Accordingly, Beaty has not presented a cognizable claim, and his petition is dismissed.

Finally, Judge DeSoto correctly recommended that a certificate of appealability be denied. (Doc. 7 at 5–6.) A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Again, Beaty has not claimed a denial of his constitutional rights. The Court finds no basis to "encourage further proceedings." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability is denied.

IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 7) is ADOPTED in full.

IT IS FURTHER ORDERED:

1. The Amended Petition (Doc. 5) is DISMISSED with prejudice for failure to raise a claim that is cognizable in federal habeas law;

2. The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner; and

3. A certificate of appealability is DENIED.

DATED this 30th day of January, 2020.

Dana L. Christensen, Chief Judge
United States District Court